IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **EDUARDO MORENO,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No. _____ |
| V. | § | |
| | § | |
| **TRINITY BAY CONSERVATION,** | § | |
| **DISTRICT INDUSTRIAL** | § | |
| **DEVELOPMENT CORPORATION** | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, Eduardo Moreno, (hereinafter, Plaintiff or "Mr. Moreno") filing this Original Complaint complaining of Defendant, Trinity Bay Conservation District Industrial Development Corporation (hereinafter, Defendant or "Trinity Bay") and in support thereof provides the following:

### I.
### JURISDICTION, PARTIES, AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to 28 U.S.C. §1331, 42 U.S.C. §§12111-12117, the Americans with Disabilities Act, as amended ("ADAAA").

2. Mr. Moreno resides in Winnie, Texas, Chambers County.

3. Mr. Moreno is an individual with a disability as defined by the ADAAA and at all times relevant to the facts in this Complaint, an employee as contemplated by the ADAAA.

4. Defendant, Trinity Bay operates in Chambers County, Texas and was at all times, relevant to the facts and claims in this Complaint, Mr. Moreno's employer within the meaning of the ADAAA.

5. Plaintiff will serve Defendant by and through its last known registered agent of record as set forth in the records of the Secretary of State for Texas: F. Kit Jones, 2128 SH 61, Anahuac, TX 77514.

6. The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Galveston Division. Venue is appropriate in this Court.

### **VICARIOUS LIABILITY--RESPONDEAT SUPERIOR**

7. Whenever in this pleading it is alleged that Defendant did any act or thing, or failed to do any act or thing, it is meant that Defendant's officers, owners, servants, employees, or representatives and management did such act or thing, or failed to do such act or thing, or that such act or thing or omission was done in the course and scope of that person's employment at Trinity Bay, or in the furtherance of Defendant, Trinity Bay' interests, or with the full authorization, permission, tolerance, and/or ratification of Defendant, or was done by an authorized member of management of Defendant or was done in the normal routine of the accepted, tolerated, or permitted conduct, customs, and/or practices of Defendant's officers, owners, servants, employees, management and/or representatives.

### II.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On or about January 4, 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"). In Mr. Moreno's Charge, and all amendments and/or attachments thereto, he asserted that Defendant discriminated against him based on a record of, perceived and/or actual disability.

Plaintiff further asserted that Defendant retaliated against him for his disability and as a response to Plaintiff's requests for reasonable accommodation. Plaintiff exhausted his administrative remedies and files this suit within the statutory limitations period.

9. All conditions precedent to the filing of this lawsuit have occurred.

## III.
## FACTUAL BACKGROUND

10. According to its website, Trinity Bay Conservation District offers a "one stop shop for potable [sic] drinking water, wastewater treatment, and storm water drainage for most of East Chambers and part of West Jefferson Counties in far Southeast Texas."

11. Trinity Bay supplies its potable water to its customers from two water treatment facilities in Winne and Anahuac, Texas.

12. Trinity Bay hired Plaintiff, Mr. Moreno to work at its Winne, Texas location as a general laborer in April 2014.

13. As a general laborer, Mr. Moreno performed physical laborer work for Defendant such as fixing sewage lines, working on electrical units, cutting grass and more. As a general laborer, Defendant paid Mr. Moreno $12.00/hour.

14. In or around March 2015—approximately one year into Mr. Moreno's employment—general manager David Hoyt (Hoyt) promoted Mr. Moreno to meter-reader trainer with the promise that Mr. Moreno would be promoted to full-time meter-reader after he completed his training. The full-time reader meter position paid $14.00/hour.

15. During the period of time that Mr. Moreno was training for the meter-reader position, he continued to perform various tasks as a general laborer when needed.

16. On or about June 4, 2015, while performing general labor work for Trinity Bay, Mr. Moreno was severely injured while attempting to connect two pieces of water lines in an

underground trench. While in the trench, Mr. Moreno severely twisted his knee.

17. As a result of the accident and injury to his knee, Mr. Moreno was forced to leave work on June 4th to visit with a medical provider.

18. Before he left, however, Mr. Moreno's general manager, Hoyt, instructed Mr. Moreno <u>not</u> to go to the emergency room; and instead Hoyt directed Mr. Moreno to go to a NOVA clinic.

19. Mr. Moreno complied.

20. The NOVA clinic doctor placed physical restrictions on the work that Mr. Moreno could perform as a result of his accident and injury but he returned him to work on light duty.

21. The NOVA clinic provided its diagnosis of and recommended limitations for Mr. Moreno directly to Defendant Trinity Bay.

22. Initially, Defendant allowed Mr. Moreno to continue to work in a light duty capacity and provided him with tasks that followed Mr. Moreno's doctor's instructions.

23. During this time, Mr. Moreno also underwent physical treatment to address his knee injury.

24. Approximately a month after Mr. Moreno's knee injury, however, Mr. Moreno knee had not improved and as a result, Mr. Moreno's doctor increased his physical restrictions and further limited his restrictions at work.

25. NOVA provided Mr. Moreno's new and more extensive physical restrictions to Defendant Trinity Bay on or about July 3, 2015.

26. With little progress and/or reduction in the pain to Mr. Moreno's knee, NOVA also referred him to an orthopedic surgeon for an MRI.

27. After the MRI, on July 20, 2015, Mr. Moreno's medical provider(s) determined that Mr. Moreno had suffered a meniscus tear to his knee and recommended surgery. NOVA immediately

informed Defendant Trinity Bay.

28. On July 24, 2015, Defendant terminated Mr. Moreno's employment under the pretext that all its light duty work had been exhausted.

29. Defendant did not consider Mr. Moreno for other positions or light duty work; Defendant did not give Mr. Moreno an opportunity to go out on leave to address his injury; instead, Defendant flat-out terminated Mr. Moreno's employment.

30. That is, Defendant made zero efforts to determine if a reasonable accommodation for Mr. Moreno's disability (torn knee meniscus) was available to save his employment as the law requires.

31. Upon information and belief, however, Defendant has made such concessions and accommodations for employees who are not disabled like Mr. Moreno.

32. Accordingly, Mr. Moreno seeks redress for Defendant's disparate treatment of him based on his disability; Defendant's failure to attempt to reasonably accommodate his disability; Defendant's failure to reasonably accommodate his disability; and Defendant's retaliation against him based on his disability.

33. Defendant's adverse acts against Mr. Moreno were in violation of the ADAAA, as amended.

## IV.
## CAUSES OF ACTION

**A**.     **DISCRIMINATION AND RETALIATION PURSUANT TO THE ADAAA**

34. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 10-33 above and incorporates them here as though fully set forth.

35. Defendant violated Plaintiff's rights under the ADAAA by discriminating against him based on his disability, its perception that he is disabled, and/or his record of disability.  Further

Defendant failed to reasonably accommodate Plaintiff's disability and terminated his employment because of his disability.

36. Defendant further violated Plaintiff's rights under the ADAAA by retaliating against him based on his disability, its perception that he is disabled, and/or his record of disability. Prior to his disabled state, Defendant promised Plaintiff promotion and more pay. Plaintiff was stripped of these opportunities because Defendant perceived him as disabled, because of his record of disability and/or because of his disability.

37. Defendant's acts were malicious, reckless, and intentional and consisted of discrimination of a continuous nature. Further, Defendant's discrimination, through its agents, supervisors, or employees, led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

38. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

39. The above-described acts by Defendant were undertaken in violation of the ADAAA, as amended.

## V.
## JURY DEMAND

40. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

41. Because of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered, suffers, and will continue to suffer economic losses including past and future lost wages and benefits as well as humiliation, mental anxiety and stress, and other damages. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages all of which amounts to be proved at trial.

42. Additionally, because of Defendant's unlawful and discriminatory conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent him in the causes of actions set forth herein. Further, Plaintiff has agreed to pay his attorney reasonable attorney's fees for the preparation and trial of these causes.

43. As a further consequence of Defendant's unlawful and discriminatory conduct, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve his ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

44. Plaintiff also seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against it and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of disability;

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any other amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

h. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

/s/ *Marjorie A. Murphy*

---

Marjorie A. Murphy
Attorney-in-Charge
Federal Bar No. 34512
The Murphy Law Practice, PLLC
3355 W. Alabama, Suite 670
Houston, Texas  77098
Telephone:  (832) 564-3804
Facsimile:  (832) 553-7441
Email: marjorie@themurphylawpractice.com
**ATTORNEY FOR PLAINTIFF
EDUARDO MORENO**